```
FILED
APRIL 7, 2008              YM
08CV1959
JUDGE CASTILLO
MAGISTRATE JUDGE VALDEZ
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONSTANCE COLEMAN, | ) |
| | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JUDGE: _____ |
| | ) |
| BVLGARI CORPORATION OF AMERICA | ) |
| | ) MAGISTRATE |
| | ) JUDGE:_____ |
| Defendant. | ) JURY DEMANDED |

## COMPLAINT

NOW COMES THE PLAINTIFF, CONSTANCE COLEMAN, through her attorney, ARMAND L. ANDRY, and complaining of Defendant, BVLGARI CORPORATION OF AMERICA, would state the following:

## JURISDICTION

1.  This is an action by an employee of the Defendant, BVLGARI CORPORATION OF AMERICA.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq. This court has jurisdiction under 28 U.S.C.  1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and charges of discrimination and retaliation.  All administrative procedures have been exhausted.

1

**PARTIES**

2.  Plaintiff CONSTANCE COLEMAN, is an African-American employee of the BVLGARI CORPORATION OF AMERICA from March 7, 2004 November 1, 2004.

3.  Defendant, BVLGARI CORPORATION OF AMERICA, is an employer as defined by Title VII of the Civil Rights Act of 1964 as amended and was the employer of Plaintiff at all times relevant to this complaint.

**ADMINISTRATIVE ACTION**

4.  Plaintiff CONSTANCE COLEMAN filed a charge of age and race discrimination charge no. 2005 CA 1996 against Defendant on January 10, 2005.

5.  Plaintiff alleged she was forced to take off when she developed an allergy although her white co-workers were permitted to continue working at different assignments without having to take time off.

6.  A copy of the charge of discrimination was sent to Defendant.

7.  Plaintiff received a right-to-sue letter dated February 8, 2008 advising her she had 90 days from the receipt of the letter to file an action in the U.S. District Court.

8.  A copy of the right-to-sue letter was also sent to Defendant.

**FACTS**

9.   Plaintiff's work performance has always fulfilled all legitimate requirements for her job and she has been a diligent and conscientious worker.

10.   Plaintiff Worked with Fragrance Exclusive from 1999 through 2004 as a sales rep. and then as account coordinator.

11. Fragance Exclusive gave her excellent performance evaluations and salary increases.

12. Fragance Exclusive gave Plaintiff a promotion to account coordinator and a raise in salary to $20.00/hour. Plaintiff supervised other employees and worked for 35 hours per week in June 2001 and got excellent evaluations and salary increases.

13. Defendant Bvlgaria was one of her accounts while she worked for Fragance Exclusive.

14. Defendant Bvlgaria made Plaintiff an offer based on her previous performance at Fragance Exclusive.

15. Defendant Bvlgaria hired in March 2004 at a salary was $20.00/hr. and guaranteed her 20 hrs./week as a perfume consultant.

16. After being hired by Defendant Bvlgaria Plaintiff originally worked independently.

17. Some time after June 2004, Plaintiff began to be supervised by Becky Ailer, (race white).

18. When Plaintiff began at Bvlgaria she kept the same accounts she had at Fragance Exclusive, which included Marshall Fields (now Maceys) and Nordstroms.

19. After September 2004 Ailer took Plaintiff off of the Marshall Fields (Maceys) account and replaced her with a younger white employee and reduced her hours to 10/week while increasing the hours of other white employees.

20. Plaintiff filed a complaint with EEOC and the Illinois Department of Human Rights.

21. After filing her discrimination charge Plaintiff was told to drop her charge of discrimination.

22. When Plaintiff refused to drop her complaint she was subjected to increased scrutiny and surveillance by Becky Ailers (white) and JoAnn Sarans (white) would come into the stores and ask the other fragrance reps about her Plaintiff.

23. As a result of the discriminatory and retaliatory actions of Defendant Bvlgaria Plaintiff experienced extreme emotional distress and physical medical problems which affected her family and personal life.

3

24. Because of the discriminatory and retaliatory treatment she received Plaintiff left Defendant Bvlgaria in September 2005 and went to Thierry Mugler.

25. Plaintiff was repeatedly denied opportunities and assignments permitted to white employees.

26. Plaintiff has repeatedly been subjected to a hostile work environment based on her race and/or age and based on her complaining of discrimination.

27. Plaintiff was treated differently in the terms and conditions of her employment than the treatment of white and non-complaining employees and was subjected to a hostile work environment based on her race and based on her engaging in protected activity.

## COUNT ONE – RACE DISCRIMINATION - TITLE VII

28. Plaintiff repeats and realleges as paragraph 28 of this complaint paragraphs 1-28 above.

29. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently because of their race.

30. The Defendant, BVLGARI CORPORATION OF AMERICA, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her race.

31. The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

32. Plaintiff was thus denied her rights under the above Act.

33. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT TWO – RETALIATION - TITLE VII

34.  Plaintiff repeats and realleges as paragraph 34 of this complaint paragraphs 1-28 above.

35.  Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently because of their having opposed discrimination based on race or because of engaging in protected EEO activity.

36.  The Defendant, BVLGARI CORPORATION OF AMERICA, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her having opposed or engaged in protected activity based on race.

37.  The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

38.  Plaintiff was thus denied her rights under the above Act.

39.  Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT THREE – AGE DISCRIMINATION - ADEA

40.  Plaintiff repeats and realleges as paragraph 40 of this complaint paragraphs 1-28 above.

41.  The Age Discrimination in Employment Act (ADEA) makes it an unlawful employment practice to treat employees differently because of their age.

42.  The Defendant, BVLGARI CORPORATION OF AMERICA, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her age.

43.  The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

44.  Plaintiff was thus denied her rights under the above Act.

45.  Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT FOUR – RETALIATION - ADEA

46.  Plaintiff repeats and realleges as paragraph 46 of this complaint paragraphs 1-28 above.

47.  The ADEA makes it an unlawful employment practice to treat employees differently because of their having opposed

discrimination based on age or because of engaging in protected ADEA activity.

48.  The Defendant, BVLGARI CORPORATION OF AMERICA, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her having opposed or engaged in protected activity based on age.

49.  The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

50.  Plaintiff was thus denied her rights under the above Act.

51.  Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

*Armand L. Andry*

Attorney for Plaintiff

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn, Suite 2100
Chicago, Illinois 60603
773/626-3058