**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CONSTANCE COLEMAN,** | |
| Plaintiff, | No. 08cv1959 |
| v. | Judge Ruben Castillo |
| **BVLGARI CORPORATION OF AMERICA,** | Magistrate Judge Maria Valdez |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Bulgari Corporation of America ("Defendant"),[1] by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.      This is an action by an employee of the Defendant, Bvlgari Corporation of America.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq.  This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and charges of discrimination and retaliation.   All administrative procedures have been exhausted.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq.  Defendant denies each and every remaining allegation in paragraph 1 of Plaintiff's Complaint.

2.      Plaintiff Constance Coleman, is an African-American employee of the Bvlgari Corporation of America from March 7, 2004 November 1, 2004 (sic).

---

[1]      Defendant affirmatively states that its name is Bulgari Corporation of America.

**ANSWER:**    On information and belief, Defendant admits that Plaintiff is African-American.  Defendant denies each and every remaining allegation in paragraph 2 of Plaintiff's Complaint.    Defendant affirmatively states that Plaintiff worked for Defendant between March 29, 2004 and September 8, 2005.

3.    Defendant, Bvlgari Corporation of America, is an employer as defined by Title VII of the Civil Rights Act of 1964 as amended and was the employer of Plaintiff at all times relevant to this complaint.

**ANSWER:**    Defendant admits that it is an employer as defined by Title VII of the Civil Rights Act of 1964 as amended.  Defendant further admits that it employed Plaintiff.  Defendant denies each and every remaining allegation in paragraph 3 of Plaintiff's Complaint.

4.    Plaintiff Constance Coleman filed a charge of age and race discrimination charge no. 2005 CA 1996 against Defendant on January 10, 2005.

**ANSWER:**    Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.    Plaintiff alleged she was forced to take off when she developed an allergy although her white co-workers were permitted to continue working at different assignments without having to take time off.

**ANSWER:**    Defendant denies each and every allegation in paragraph 5 of Plaintiff's Complaint.

6.    A copy of the charge of discrimination was sent to Defendant.

**ANSWER:**    Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

7.    Plaintiff received a right-to-sue letter dated February 8, 2008 advising her she had 90 days from the receipt of the letter to file an action in the U.S. District Court.

**ANSWER:**    Defendant admits that a Notice of Right to Sue was issued on request to Plaintiff dated February 8, 2008, advising that a lawsuit under Title VII or the ADEA must be filed in federal or state court within 90 days of receive of the Notice.  Defendant denies each and every remaining allegation in paragraph 7 of Plaintiff's Complaint.

8.      A copy of the right-to-sue letter was also sent to Defendant.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 8 of Plaintiff's Complaint and, accordingly,

denies said allegations.

9.      Plaintiff's work performance has always fulfilled all legitimate requirements for
her job and she has been a diligent and conscientious worker.

**ANSWER:**    Defendant denies each and every allegation in paragraph 9 of Plaintiff's

Complaint.

10.     Plaintiff worked with Fragrance Exclusive from 1999 through 2004 as a sales rep.
and then as account coordinator.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 10 of Plaintiff's Complaint and, accordingly,

denies said allegations.

11.     Fragrance Exclusive gave her excellent performance evaluations and salary
increases.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 11 of Plaintiff's Complaint and, accordingly,

denies said allegations.

12.     Fragrance Exclusive gave Plaintiff a promotion to account coordinator and a raise
in salary to $20.00/hour.  Plaintiff supervised other employees and worked for 35 hours per week
in June 2001 and got excellent evaluations and salary increases.

**ANSWER:**    Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 12 of Plaintiff's Complaint and, accordingly,

denies said allegations.

13.     Defendant Bvlgaria (sic) was one of her accounts while she worked for Fragrance
Exclusive.

**ANSWER:**     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 of Plaintiff's Complaint and, accordingly, denies said allegations.

14.     Defendant Bvlgaria (sic) made Plaintiff an offer based on her previous performance at Fragrance Exclusive.

**ANSWER:**     Defendant denies each and every allegation in paragraph 14 of Plaintiff's Complaint.

15.     Defendant Bvlgaria (sic) hired in March 2004 at a salary was (sic) $20.00/hr and guaranteed her 20 hrs./week as a perfume consultant.

**ANSWER:**     Defendant admits that it hired Plaintiff in or about March 2004 at an hourly rate of $20.00 per hour.  Defendant denies each and every remaining allegation in paragraph 15 of Plaintiff's Complaint.

16.     After being hired by Defendant Bvlgaria (sic) Plaintiff originally worked independently.

**ANSWER:**     Defendant denies each and every allegation in paragraph 16 of Plaintiff's Complaint.

17.     Some time after June 2004, Plaintiff began to be supervised by Becky Ailer (sic), (race white).

**ANSWER:**     Defendant denies each and every allegation in paragraph 17 of Plaintiff's Complaint.

18.     When Plaintiff began at Bvlgaria (sic) she kept the same accounts she had at Fragrance Exclusive, which included Marshall Fields (sic) (now Maceys (sic)) and Nordstroms (sic).

**ANSWER:**     Defendant admits that when Plaintiff began her employment with Defendant she worked at Marshall Field's (now Macy's) and Nordstrom in Oakbrook, Illinois. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of

- 4 -

the remaining allegations in paragraph 18 of Plaintiff's Complaint and, accordingly, denies said allegations.

19.    After September 2004 Ailer (sic) took Plaintiff off of the Marshall Fields (sic) (Maceys (sic)) account and replaced her with a younger white employee and reduced her hours to 10/week while increasing the hours of other white employees.

**ANSWER:**    Defendant admits that in or about November 2004, Becky Aylor reduced Plaintiff's hours to 10 hours per week at Nordstrom.  Defendant denies each and every remaining allegation in paragraph 9 of Plaintiff's Complaint.

20.    Plaintiff filed a complaint with EEOC and the Illinois Department of Human Rights.

**ANSWER:**    Defendant admits that Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and EEOC.  Defendant denies each and every remaining allegation in paragraph 20 of Plaintiff's Complaint.

21.    After filing her discrimination charge Plaintiff was told to drop her charge of discrimination.

**ANSWER:**    Defendant denies that, after filing her discrimination charge, it told Plaintiff to drop her charge of discrimination.  Defendant denies each and every remaining allegation in paragraph 21 of Plaintiff's Complaint.

22.    When Plaintiff refused to drop her complaint she was subjected to increased scrutiny and surveillance by Becky Ailers (sic) (white) and JoAnn Sarans (sic) (white) would come into the stores and ask the other fragrance reps about her Plaintiff.

**ANSWER:**    Defendant denies each and every allegation in paragraph 22 of Plaintiff's Complaint.

23.    As a result of the discriminatory and retaliatory actions of Defendant Bvlgaria (sic) Plaintiff experienced extreme emotional distress and physical medical problems which affected her family and personal life.

**ANSWER:**    Defendant denies each and every allegation in paragraph 23 of Plaintiff's Complaint.

24.    Because of the discriminatory and retaliatory treatment she received Plaintiff left Defendant Bvlgaria (sic) in September 2005 and went to Thierry Mugler.

**ANSWER:**    Defendant denies each and every allegation in paragraph 24 of Plaintiff's Complaint.

25.    Plaintiff was repeatedly denied opportunities and assignments permitted to white employees.

**ANSWER:**    Defendant denies each and every allegation in paragraph 25 of Plaintiff's Complaint.

26.    Plaintiff has repeatedly been subjected to a hostile work environment based on her race and/or age and based on her complaining of discrimination.

**ANSWER:**    Defendant denies each and every allegation in paragraph 26 of Plaintiff's Complaint.

27.    Plaintiff was treated differently in the terms and conditions of her employment than the treatment of white and non-complaining employees and was subjected to a hostile work environment based on her race and based on her engaging in protected activity.

**ANSWER:**    Defendant denies each and every allegation in paragraph 27 of Plaintiff's Complaint.

## COUNT ONE – RACE DISCRIMINATION – TITLE VII

28.    Plaintiff repeats and realleges as paragraph 28 of this complaint paragraphs 1-28 above.

**ANSWER:**    Defendant restates its answers to paragraphs 1-28 as its answer to paragraph 28 of Plaintiff's Complaint.

29.    Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently because of their race.

**ANSWER:**    Defendant admits the allegations in paragraph 29 of Plaintiff's Complaint.

30.    The Defendant, Bvlgari (sic) Corporation of America, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her race.

**ANSWER:**    Defendant denies each and every allegation in paragraph 30 of Plaintiff's Complaint.

31.    The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

**ANSWER:**    Defendant denies each and every allegation in paragraph 31 of Plaintiff's Complaint.

32.    Plaintiff was thus denied her rights under the above Act.

**ANSWER:**    Defendant denies each and every allegation in paragraph 32 of Plaintiff's Complaint.

33.    Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

**ANSWER:**    Defendant denies each and every allegation in paragraph 33 of Plaintiff's Complaint.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

**ANSWER:**    Defendant denies the propriety of each and every request or prayer for relief, and each and every allegation therein.

PLAINTIFF DEMANDS TRIAL BY JURY.

**ANSWER:**    Defendant admits that Plaintiff demands a trial by jury.

## **COUNT TWO – RETALIATION – TITLE VII**

34.    Plaintiff repeats and realleges as paragraph 34 of this complaint paragraphs 1-28 above.

**ANSWER:**    Defendant restates its answers to paragraphs 1-28 as its answer to paragraph 34 of Plaintiff's Complaint.

35.    Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently because of their having opposed discrimination based on race or because of engaging in protected EEO activity.

**ANSWER:**    Defendant admits the allegations in paragraph 35 of Plaintiff's Complaint.

36.    The Defendant, Bvlgari (sic) Corporation of America, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her having opposed or engaged in protected activity based on race.

**ANSWER:**    Defendant denies each and every allegation in paragraph 36 of Plaintiff's

Complaint.

37.    The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

**ANSWER:**    Defendant denies each and every allegation in paragraph 37 of Plaintiff's

Complaint.

38.    Plaintiff was thus denied her rights under the above Act.

**ANSWER:**    Defendant denies each and every allegation in paragraph 38 of Plaintiff's

Complaint.

39.    Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

**ANSWER:**    Defendant denies each and every allegation in paragraph 39 of Plaintiff's

Complaint.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

**ANSWER:**    Defendant denies the propriety of each and every request or prayer for

relief, and each and every allegation therein.

PLAINTIFF DEMANDS TRIAL BY JURY.

**ANSWER:**    Defendant admits that Plaintiff demands a trial by jury.

## COUNT THREE – AGE DISCRIMINATION - ADEA

40.    Plaintiff repeats and realleges as paragraph 40 of this complaint paragraphs 1-28 above.

**ANSWER:**    Defendant restates its answers to paragraphs 1-28 as its answer to paragraph 40 of Plaintiff's Complaint.

41.    The Age Discrimination in Employment Act (ADEA) makes it an unlawful employment practice to treat employees differently because of their age.

**ANSWER:**    Defendant admits the allegations in paragraph 41 of Plaintiff's Complaint.

42.    The Defendant, Bvlgari (sic) Corporation of America, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her age.

**ANSWER:**    Defendant denies each and every allegation in paragraph 42 of Plaintiff's Complaint.

43.    The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

**ANSWER:**    Defendant denies each and every allegation in paragraph 43 of Plaintiff's Complaint.

44.    Plaintiff was thus denied her rights under the above Act.

**ANSWER:**    Defendant denies each and every allegation in paragraph 44 of Plaintiff's Complaint.

45.    Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

**ANSWER:**    Defendant denies each and every allegation in paragraph 45 of Plaintiff's Complaint.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

**ANSWER:**    Defendant denies the propriety of each and every request or prayer for relief, and each and every allegation therein.

PLAINTIFF DEMANDS TRIAL BY JURY.

**ANSWER:**    Defendant admits that Plaintiff demands a trial by jury.

## COUNT FOUR – RETALIATION - ADEA

46.    Plaintiff repeats and realleges as paragraph 46 of this complaint paragraphs 1-28 above.

**ANSWER:**    Defendant restates its answers to paragraphs 1-28 as its answer to paragraph 46 of Plaintiff's Complaint.

47.    The ADEA makes it an unlawful employment practice to treat employees differently because of their having opposed discrimination based on age or because of engaging in protected ADEA activity.

**ANSWER:**    Defendant admits the allegations in paragraph 47 of Plaintiff's Complaint.

48.    The Defendant, Bvlgari (sic) Corporation of America, through its agents, has violated the abovementioned laws by allowing Plaintiff to be subjected to a hostile work environment and treating Plaintiff differently because of her having opposed or engaged in protected activity based on age.

**ANSWER:**    Defendant denies each and every allegation in paragraph 48 of Plaintiff's Complaint.

49.    The justifications for permitting this hostile work environment and any adverse actions taken against Plaintiff are pretextual.

**ANSWER:**    Defendant denies each and every allegation in paragraph 49 of Plaintiff's Complaint.

50.    Plaintiff was thus denied her rights under the above Act.

**ANSWER:**    Defendant denies each and every allegation in paragraph 50 of Plaintiff's Complaint.

- 10 -

51.     Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages and punitive damages.

**ANSWER:**     Defendant denies each and every allegation in paragraph 51 of Plaintiff's Complaint.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

**ANSWER:**     Defendant denies the propriety of each and every request or prayer for relief, and each and every allegation therein.

PLAINTIFF DEMANDS TRIAL BY JURY.

**ANSWER:**     Defendant admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that she failed to exhaust necessary administrative remedies and procedural requirements prior to filing this action.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff brings the present action outside the applicable statute of limitations, such claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that it contains allegations which fall outside the scope of the administrative charge of discrimination and the investigation of the charge upon which the action is based.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate, non-discriminatory and/or non-retaliatory business reasons and were taken without regard to Plaintiff's age or race and/or any alleged complaints made by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided to her by Defendant or to otherwise avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed to the extent that she failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual, punitive or liquidated damages, and hence can only recover nominal damages.

## NINTH AFFIRMATIVE DEFENSE

Evidence in support of Plaintiff's case is barred in whole or in part by the doctrine of after-acquired evidence, laches, unclean hands, estoppel and related equitable principles, and any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is requesting relief in the form of punitive damages, those claims fail because Defendant engaged in good faith efforts to comply with all applicable anti-discrimination laws, including Title VII and the ADEA, and to prevent discrimination and/or retaliation in the workplace.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

## TWELFTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution because: (a) the standard for an award of damages is so vague, indefinite and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of their possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award

punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant (which Defendant denies), such acts, if any, were outside the scope of their authority, and were neither authorized, ratified nor condoned by Defendant, nor did Defendant know or have reason to be aware of said conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded.  The admission of net worth data suggests that it is appropriate to award punitive damages based upon a defendant's financial status rather than specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be upheld, because any award of punitive damages under the statutes relied upon in the Complaint without bifurcating

the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Constitution and laws of the United States preclude an award of punitive damages in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish facts sufficient to state a claim for liquidated damages under the ADEA. To the extent Plaintiff can establish facts sufficient to state a claim for liquidated damages under the ADEA, Plaintiff is not entitled to liquidated damages because Defendant's actions were lawful and, thus, no "willful violation" of the ADEA occurred.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant, Bulgari Corporation of America, respectfully prays that this Court enter judgment in its favor, that Plaintiff, Constance Coleman, take nothing thereby, and that this Court award Bulgari Corporation of America any and all further relief that this Court deems appropriate.

Respectfully submitted,

BULGARI CORPORATION OF AMERICA


By:___*s/Asilia S. Backus*_____
               One of its attorneys

Paul E. Bateman
Asilia S. Backus
LITTLER MENDELSON
A Professional Corporation
200 North LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520 (phone)
312.372.7880 (facsimile)

Dated: June 9, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2008 a copy of the foregoing Answer and Affirmative Defenses to Complaint was filed electronically.  Notice of filing will be sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Armand L. Andry
One South Dearborn
Suite 2100
Chicago, IL 60603
armandandry@hotmail.com


*s/Asilia S. Backus*
Asilia S. Backus